By the Court.—Speir, J.
The main question presented in this case for examination is, can the defense of usury be made available to the defendant.
The defendants, the Solar Chemical Manufacturing Company, made the note in suit payable to their own order. It was indorsed by the company, and by the defendant, with other persons, discounted by the plaintiff at an usurious rate of interest, and the proceeds paid over to the company. The defendant indorsed the note for the purpose of helping the company in which he was a stockholder, and acted as one of the trustees. These facts being undisputed, the question of usury turns wholly upon the legal construction and effect of the statute of 1850, page 334, chap. 172. “No corporation shall hereafter interpose the defense of usury in any action.”
The language of this act has been liberally construed by the courts in - order to carry out the policy the legislature had in view in order to avoid the practical absurdity arising from the different positions of a corpo ration becoming plaintiff or defendant. Hence, it has been held that assignees and representatives of corporations, although not named, are within the spirit of *156 the act, and are therefore, within its terms, and they are not permitted to avail themselves of a defense from which the corporations are excluded (Curtis v. Leavitt, 15 N. Y. 296).
It has also been held that it necessarily takes from the corporation the right to assert the usury in any way, defensively, and in any way to vacate or set aside a contract, as well by affirmative action, as by way of defense to an action on the contract. In a word, it takes from the corporation the objection of usury (Butterworth v. O’Brien, 23 N. Y. 275; Merchants’ Exchange Bank v. Commercial Warehouse Co., 49 Id. 635).
The case at bar comes within the decision of Rose v. Butterfield, 33 N. Y. 665. That case decides that the defense of usury was unavailing to the corporation on the loan of money, and also to the guarantors of the note, upon the ground that the note made by the corporation, they had agreed to pay more than the legal rate of interest, and by virtue of this statute, it was made lawful so to do, but also, that although the guarantors had stipulated to pay only seven per cent, on the note, they were liable on the contract of guaranty. The guarantors are privies to the note made by the makers, and are therefore in the same position. In the case decided by the general term in this court (Strong v. N. Y. Laundry Manufacturing Company, 37 Sup'r Ct. 279), most of the cases are reviewed, and then it was held that the statute did not' apply to a contract unless it be such that, were it not for the statute itself, the defense of usury could be interposed. It must be a contract made by the corporation, usurious by itself, and which the corporation or parties privy to the usury by which it is infected, can not avail except by the interposition of the statute, either by defense or attack.
In the, case last referred to, the contract was a note made by the corporation having no legal inception or validity until it was discounted at an usurious rate, and *157 was not, therefore, by itself infected with the taint of usury. The indorser, by patting his name on the paper, and discounting it at an usurious rate, gave vitality to the note by entering into a transaction which in no way affected the corporation.
In the case before us, the note was made and indorsed by the company, and the defendant discounted it at an usurious rate, and the proceeds were received by the company, upon the credit of the company and other indorsers. The note itself was usurious, and the makers and indorsers were parties and privies to the transaction. All the authorities, I think, are to the effect that, in such a case, the defense of usury is not available to the defendant. I think, therefore, the court properly decided the question of usury,’ and also the release, by the plaintiff, of E. S. Dickinson & Co. The appellant complains that the court erred gravely in charging the jury that all the witnesses who testified (except Mather) were interested. The court said, in explanation : “They are all liable in one way or another, in some aspects of the case.” I can see no objection to the statement, especially as illustrated in the connection.
It was not error for the court to refuse to charge the jury that if Latlirop erred, in one point, they had a right to disbelieve him in another. He did charge that, if the indorsement of Mr. Lathrop was altered, as claimed, the defendant was not liable. Where there is a conflict of evidence, and the facts fairly submitted to the jury for their decision, a statement of the legal proposition, as to the result of that decision, covered the whole case, and was as favorable to one side as the other. On a careful perusal of the other objections and exceptions taken to the charge and to the evidence, I think there is no cause for complaint.
Judgment must be affirmed, with costs.
Freedmar and Van Vorst, JJ., concurred.